IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY TAYLOR, | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-08-1547 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| WARDEN BLEDSOE, | : | |
| | : | |
| Respondent. | : | |

## **MEMORANDUM and ORDER**

Before the Court is Petitioner Gregory Taylor's Motion for Reconsideration (Doc. 6) of this Court's September 17, 2008 Order (Doc. 4) dismissing his Petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Motion will be denied.

## **BACKGROUND**

In his Petition (Doc. 1), filed on August 18, 2008, Taylor sought habeas relief on the basis that the District of Columbia Court of Appeals failed to apply the holding in *Blockburger v. United States*, 284 U.S. 299 (1932) when it summarily affirmed the Superior Court of the District of Columbia's denial of his motions filed under D.C. Code § 23-110. (*See* Doc. 1 at 1-3.) Taylor's Petition was dismissed for lack of jurisdiction because collateral challenges to sentences imposed by the Superior Court of the District of Columbia must be brought in that court under D.C. Code § 23-110, *see Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998), and he did not claim, nor did it appear, that a motion under

§ 23-110 is inadequate or ineffective to test the legality of his detention.  (*See* Doc. 4 at 3-4.)  On September 25, 2008, Taylor filed the instant Motion for Reconsideration.[1]  (Doc. 6.)

## LEGAL STANDARD

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985).  In order to prevail, a party seeking reconsideration must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  A motion for reconsideration should not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly.  *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

---

[1] Taylor did not submit a brief in support of his motion as required by M.D. Pa. LR 7.5.  However, in light of the fact that the Motion contains legal argument and citations to statutes and cases, the Court will construe it as having been filed with a supporting brief.

## DISCUSSION

Taylor's Motion merely reiterates the argument in his Petition that the District of Columbia Court of Appeals erred in not applying the holding in *Blockburger* when it affirmed the District of Columbia Superior Court's denial of his § 23-110 motion.  He argues that this alleged error in not applying the *Blockburger* holding demonstrates that a motion filed under § 23-110 is inadequate or ineffective to test the legality of his detention.  However, as this Court pointed out in its Memorandum dismissing Taylor's Petition for lack of jurisdiction, the mere denial of relief does not make the § 23-110 remedy inadequate or ineffective.  *See Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986).  Accordingly, the Court finds no intervening change in controlling law, no evidence that was not available previously, and no error of law or fact, and the Motion for Reconsideration will be denied.

**NOW, THEREFORE, THIS 22nd DAY OF OCTOBER, 2008, IT IS HEREBY ORDERED THAT** Petitioner's Motion for Reconsideration (Doc. 6) is **DENIED**.

    s/ A. Richard Caputo
    A. RICHARD CAPUTO
    United States District Judge